```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| SUZANNE SINCLAIR, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NANCY A. BERRYHILL, Acting ) <br> Commissioner, Social Security ) <br> Administration, ) <br> ) <br> Defendant. ) <br> _____) | CIVIL ACTION <br> NO. 1:16-CV-10875-WGY |

YOUNG, D.J.                                          January 11, 2018

### MEMORANDUM AND ORDER

### I.   INTRODUCTION

Suzanne Sinclair ("Sinclair") brought this action seeking judicial review of a final administrative decision by the Social Security Commissioner (the "Commissioner") denying Sinclair disability benefits under the Social Security Act. On July 21, 2017, this Court vacated the Commissioner's decision and remanded the matter for further proceedings. Sinclair now moves for an award of attorneys' fees in the amount of $5,316.59 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). For the following reasons, the Court GRANTS Sinclair's motion and awards $4,891.42 in fees.

## II. FACTUAL & PROCEDURAL BACKGROUND

Sinclair applied for disability insurance benefits and supplemental security income on November 9, 2012. Sinclair v. Berryhill, Civ. A. No. 16-10875-WGY, 2017 WL 3122563, at *1 (D. Mass. July 21, 2017). After these applications were twice denied, Sinclair requested a hearing, at which the hearing officer heard testimony from Sinclair and a vocational expert. Id. On September 26, 2014, the hearing officer issued a written decision finding that Sinclair was not disabled, and the Social Security Administration Appeals Council upheld the decision. Id.

Sinclair appealed the final denial of benefits to this Court, arguing that the hearing officer (i) incorrectly determined that Sinclair's fibromyalgia was not a medically determinable impairment; (ii) improperly discounted the opinion of Sinclair's treating physician, Dr. Danilo Funa ("Dr. Funa"); and (iii) improperly relied on the testimony of the vocational expert. Id. at *4. The Court held that while Sinclair had not proven that fibromyalgia was a medically determinable impairment, the second and third errors she asserted warranted remand. Id. at *6-11. Specifically, the Court concluded that the hearing officer's improper discounting of Dr. Funa's opinion led to an incorrect residual functional capacity determination and that the vocational expert's testimony was unreliable because it was based on that determination and employed outdated job descriptions. Id. at

2

*10-11. Sinclair thereafter filed this motion seeking attorneys' fees pursuant to the EAJA. EAJA Appl. Fees & Expenses, ECF No. 28. The Commissioner opposes the motion, arguing that a fee award is inappropriate because the hearing officer's position (and by extension, the Commissioner's position) was substantially justified. Def.'s Opp'n Pl.'s Appl. Fees & Expenses ("Def.'s Opp'n") 1, ECF No. 29. In the alternative, the Commissioner seeks to reduce the fee award to $4,627.15. See id.

## III. ANALYSIS

The EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The Commissioner does not contest that Sinclair is a "prevailing party" under this statute. Def.'s Opp'n 4. The Commissioner argues, however, that the government's position was "substantially justified" such that Sinclair is not entitled to an award of attorneys' fees. Id.

### A. Substantial Justification

The burden for showing substantial justification lies with the government. See McDonald v. Secretary of Health and Human Servs., 884 F.2d 1468, 1475 (1st Cir. 1989). The

government must show that both its litigating position and the underlying agency action had "a reasonable basis in law and fact" and were "justified to a degree that could satisfy a reasonable person." Id. at 1475 (quoting Pierce v. Underwood, 487 U.S. 552, 565, 566 n.2 (1988)); see also id. at 1476. "[T]he fact that the government lost does not create a presumption that its position was not substantially justified." United States v. Yoffe, 775 F.2d 447, 450 (1st Cir. 1985). The reason that the government lost, however, "has everything to do with the question whether its position was substantially justified." Rioux v. Barnhart, No. 00-302-P-H, 2002 WL 91877, at *2 (D. Me. Jan. 24, 2002).

The government contends that its position was substantially justified because the Court "rejected many of [the] Plaintiff's arguments," identified errors relating only to the "articulation of [the hearing officer's] rationale, not its substance," and accepted an argument that was "without guidance from the First Circuit, and . . . was the subject of a divide amongst other district and circuit courts." Def.'s Opp'n 1-2. The Court disagrees.

Of the three major arguments Sinclair presented in her appeal, this Court rejected the first (incorrect conclusion as to fibromyalgia) but accepted the second (improper discounting of Dr. Funa's opinion) and third (improper reliance on vocational expert's testimony). While the Commissioner correctly points out that the Court found reasonable one of

4

the hearing officer's four justifications for discounting Dr. Funa's opinion (certain inconsistencies between Dr. Funa's opinion and other medical evidence in the record), id. at 8, the Court rejected the hearing officer's three other justifications, see Sinclair, 2017 WL 3122563 at *9-10. The Commissioner argues that had the hearing officer provided only that first reason, her decision to discount Dr. Funa's opinion "would have likely survived substantial evidence review," Def.'s Opp'n 7, but this hypothetical assumption is unhelpful. Had the hearing officer based her decision on that factor alone, she might well have discounted Dr. Funa's opinion to a lesser extent and arrived at a reasonable residual functional capacity determination. In reality, she made the decision heavily to discount the opinion based on four reasons, and this Court found her reasons on the whole not to support such a decision.

The Commissioner further argues that because the Sixth and Tenth Circuits have affirmed determinations of substantial justification where the error was one of "articulation," this Court ought reach the same result. Id. at 8-10 (citing DeLong v. Commissioner Soc. Sec. Admin., 748 F.3d 723 (6th Cir. 2014) and Hays v. Berryhill, 694 F. App'x 634, 637 (10th Cir. 2017)). It hardly bears mentioning that this Court is not bound by such precedent, but even if it were, these holdings would not be inconsistent with a lack of substantial justification here.

In DeLong, the Sixth Circuit affirmed the denial of EAJA attorney fees where the "fatal flaw" in the hearing officer's opinion was "'not in the weight he found was appropriate for the various medical opinions,' but rather in his failure to explain his findings adequately." DeLong, 748 F.3d at 727 (quoting DeLong v. Commissioner of Soc. Sec., No. 1:10-cv-1056, 2013 WL 1309003, at *7 (W.D. Mich. Mar. 28, 2013)). The court held that "an ALJ's failure to provide an adequate explanation for his findings does not establish that a denial of benefits lacked substantial justification," further noting that "[a] fully justified position may be poorly explained." Id. Similarly, in Hays, the Tenth Circuit affirmed a determination of substantial justification where the case had been remanded for "clarification" of the hearing officer's assessment of the examining physician's opinion. Hays, 694 F. App'x at 635-36. There, though the hearing officer had failed to "adequately address" the opinion in his report, the district court had nevertheless found his ultimate determination on the issue to have been reasonable. Hays v. Colvin, 630 F. App'x 749, 753 (10th Cir. 2015).

While it may be true that a hearing officer's failure to provide an adequate explanation does not alone establish a lack of substantial justification, neither does it establish the presence of substantial justification. A "fully justified position" indeed "may be poorly explained," but an unjustified position also may be poorly explained. This case exemplifies

6

the latter. Here, the hearing officer certainly addressed Dr. Funa's opinion, but unfortunately much of her stated reasoning relied on nonexistent contradictions and unsupported theories of bias, see Sinclair, 2017 WL 3122563 at *9-10, leading to an unreasonable residual functional capacity finding. When this Court explained that "the hearing officer erred by assigning little weight to Dr. Funa's opinion without an adequate explanation for doing so," it did not intend to imply that the hearing officer's only error was in her articulation. Id. at *10. The error was in her decision to discount Dr. Funa's opinion so heavily, which this Court ruled was unreasonable given the available evidence. The hearing officer's explanation was only inadequate in that it failed to convince the Court that her conclusion was a reasonable one.

Finally, the Commissioner argues that its position was substantially justified because the Court acknowledged that the issue of the vocational expert's reliance on outdated job descriptions contained in the Dictionary of Occupational Titles (the "DOT") "was without guidance from the First Circuit, and . . . was the subject of a divide amongst other district and circuit courts." Def.'s Opp'n 2. This argument, however, is irrelevant, because even assuming that the hearing officer was reasonable to consider testimony relying on the DOT, the Court would not be compelled to conclude that the government's position was substantially justified. This Court concluded that the vocational expert's testimony was

unreliable not only because it "overlooks the reality that jobs have changed over the past forty years," but also because "it is based on a flawed residual functional capacity determination." Sinclair, 2017 WL 3122563 at *10. Given the relative importance of the residual functional capacity determination to the vocational expert's testimony (even testimony using up-to-date job descriptions would have been unreliable if based on this determination), establishing the reasonableness of the job descriptions relied upon would still not be sufficient to satisfy the government's burden of showing substantial justification. Cf. Sierra Club v. Secretary of Army, 820 F.2d 513, 520 (1st Cir. 1987) ("The government's burden of showing substantial justification is a strong one and is not met merely because the government adduces 'some evidence' in support of its position." (quoting Washington v. Heckler, 756 F.2d 959, 961 (3d Cir. 1985))).

The Court concludes that the government has not carried its burden of proving substantial justification and thus awards fees to Sinclair pursuant to the EAJA.

**B. Fee Award**

If its position was not substantially justified, the Commissioner asserts, the fee award should be reduced by approximately $700 to account for various work that it argues is either non-compensable or billed at too high a rate. Def.'s Opp'n 13. District courts have broad discretion in

determining reasonable fees. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

The Commissioner first challenges 1.5 hours of time spent on various tasks "consultative in nature and performed before [Sinclair's] civil action was filed." Def.'s Opp'n 13. The Commissioner argues that because the EAJA provides only for compensation "arising from the federal civil action," this time is not compensable. Id. (citing Melkonyan v. Sullivan, 501 U.S. 89 (1991)). The Court disagrees that this preparatory work does not arise from the civil action; on the contrary, it was necessary to initiate the civil action, and as such is compensable. See Cogswell v. Barnhart, No. Civ. 04-171-P-S, 2005 WL 1513121, at *2 (D. Me. June 24, 2005) (allowing compensation for preparatory services "even though performed a few days prior to the filing of the complaint in this matter"), report and recommendation adopted sub nom. Cogswell v. Social Sec. Admin. Comm'r, No. Civ. 04-171-P-S, 2005 WL 1705317 (D. Me. July 20, 2005). The Court concludes that 1.5 hours of preparatory work prior to the filing of the civil complaint is reasonable and compensable.

Second, the Commissioner contests several entries totaling one hour of attorney time for "ministerial or clerical tasks," arguing that the lower paralegal rate ought apply to this work. Def.'s Opp'n 14. Clerical or administrative tasks "ought not to be billed at lawyers' rates, even if a lawyer performs them." Lipsett v. Blanco,

9

975 F.2d 934, 940 (1st Cir. 1992). Such tasks may include "document preparation, organization, distribution, and copying; drafting emails and other correspondence; data collection; legal cite-checking; scheduling and logistical planning; filing court documents; factual research; and docket review and management." E.E.O.C. v. AutoZone, Inc., 934 F. Supp. 2d 342, 353-54 (D. Mass. 2013). At the same time, these hours "should not be completely eliminated." Lipsett, 975 F.2d at 940. The Court agrees with the Commissioner that the paralegal rate of $90 per hour is more appropriate for these services, which include reviewing notices of appearance, confirming receipt of filings, preparing an affidavit of service, and reviewing orders.

Third, the Commissioner asserts that the Court ought deduct one tenth of an hour for time related to drafting a motion for one attorney to appear pro hac vice. Def.'s Opp'n 14-15. This Court has previously concluded that "the pro hac vice fee is an expense that should be borne by that attorney." Estate of McIntyre v. United States, 739 F. Supp. 2d 70, 76 (D. Mass. 2010). Accordingly, the Court will deduct this time from the fee award.

Lastly, the Commissioner argues that the travel time and rate billed is excessive. Def.'s Opp'n 15. While "there is no hard-and-fast rule" regarding fees for travel time, Hutchinson ex rel. Julien v. Patrick, 636 F.3d 1, 15 (1st Cir. 2011), courts in this circuit typically reduce attorney time

spent solely on travel by fifty percent. See Hermida v. Archstone, 950 F. Supp. 2d 298, 311 (D. Mass. 2013); see also Maceira v. Pagan, 698 F.2d 38, 40 (1st Cir. 1983); Conservation Law Found., Inc. v. Patrick, 767 F. Supp. 2d 244, 255 (D. Mass. 2011). Pointing to one entry billing 5.15 hours for a combination of travel and other work, the Commissioner requests that three hours be attributed to travel time and thus reduced by fifty percent. The Court finds this suggestion reasonable and reduces the rate for those hours accordingly.

The table below presents a summary of the fees awarded by this Court.

**Fees Awarded**

|  | Rate | Hours Requested | Hours Awarded | Amount |
| --- | --- | --- | --- | --- |
| Attorney Work | $198.15 | 19.95 | 15.85 | $3,140.68 |
| Paralegal Work | $ 90.00 | 15.15 | 15.15 | $1,363.50 |
| Attorney Work at Paralegal Rate | $ 90.00 | -- | 1 | $   90.00 |
| Attorney Work at 50% Attorney Rate | $ 99.08 | -- | 3 | $  297.24 |
|  |  |  | Total: | $4,891.42 |

### IV. CONCLUSION

For the foregoing reasons, this Court awards Sinclair attorneys' fees totaling $4,891.42.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE